OPINION
{¶ 1} James G. Batcher appeals from the trial court's judgment entry of sentence. We reverse.
 {¶ 2} On December 4, 2001, appellant pleaded guilty to one count of kidnapping, a first degree felony, R.C. 2905.01; and one count of aggravated burglary, a first degree felony, R.C.2911.11. Following a hearing, the trial court sentenced appellant to serve four years on each count with the sentences to be served consecutively.
 {¶ 3} On July 9, 2003, appellant moved to file a delayed appeal. In support of his motion, appellant contended he was unaware he could appeal the trial court's judgment imposing consecutive sentences. We granted appellant's motion.
 {¶ 4} Appellant raises the following assignment of error for our review: "The trial court erred by imposing consecutive sentences upon appellant."
 {¶ 5} We review a felony sentence de novo. State v.Bradford (June 2, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487, 3. We will not disturb a sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. Id. "Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Id.
 {¶ 6} R.C. 2929.14(E)(4) provides in relevant part:
 {¶ 7} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 8} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 9} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 10} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 11} In State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, the Ohio Supreme Court held: "Pursuant to R.C.2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Id. at paragraph one of the syllabus.
 {¶ 12} The record in the instant case shows the trial court failed to find that one of the three factors listed in R.C.2929.14(E)(4)(a)-(c) supported the imposition of consecutive sentences and failed to state the reasons supporting such a finding on the record at the sentencing hearing. Although the trial court did state, "the public would not be protected unless the consecutive sentences were imposed" the trial court failed to connect this finding to appellant's history of criminal conduct. R.C. 2929.14(E)(4)(c). Nor did the trial court even arguably give reasons supporting the imposition of consecutive sentences under R.C. 2929.14(E)(4)(a) or (b). Although the judgment entry of sentence stated the reasons for imposition of consecutive sentences, the trial court failed to state its reasons on the record at the sentencing hearing; thus, appellant's sole assignment of error has merit.
 {¶ 13} For the foregoing reasons the judgment of the Lake County Court of Common Pleas is reversed, and this matter is remanded for resentencing consistent with this opinion.
O'Neill, J., Grendell, J., concur.